**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4881**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

         v.

KENNETH C. PHIPPS,

                Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:09-cr-00433-HEH-1)

─────────────

Submitted:  March 31, 2011          Decided:  April 5, 2011

─────────────

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

─────────────

Stephen P. Hanna, Richmond, Virginia, for Appellant.   Peter
Sinclair Duffey, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth C. Phipps pled guilty to conspiracy to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced him to 180 months' imprisonment — 120 months for the conspiracy conviction and a consecutive sixty months on the firearm offense. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by sentencing Phipps to a consecutive term on the firearm offense when the mandatory minimum sentence on the drug charge was sufficient to accomplish the goals of sentencing. Phipps was informed of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal based upon Phipps' waiver of his appellate rights. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a

2

defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Phipps knowingly and voluntarily waived the right to appeal his sentence. Moreover, the issue raised on appeal is a sentencing issue, which falls within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Phipps' conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy convinces us that the district court fully complied with the mandates of Rule 11 in accepting Phipps' guilty plea. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and we affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Phipps' conviction and dismiss the appeal of his sentence. We deny counsel's

motion to withdraw. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4